**Jack ROBINSON, et al., Appellants,**

v.

**Leon E. HOPKINS, et al., Appellees.**

**No. 81–26.**

District of Columbia Court of Appeals.

Submitted Nov. 24, 1981.

Decided March 4, 1982.*

Margaret A. Beller and Carolyn R. Just, Washington, D. C., were on the brief for appellants.

Robert J. Segan, Washington, D. C., was on the brief for appellees.

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. Upon the request of a non-party, the court sua sponte decided to publish.

Before NEWMAN, Chief Judge, NEBEKER, Associate Judge, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

Petitioners Robinson t/a Monarch Novelty Company, purchasers at a property tax sale, appeal from a grant of summary judgment in favor of appellees Hopkins. The tax deed issued to appellant was set aside and judgment was entered against appellants for rents collected on the property. Finding no error, we affirm.

I

In 1966, appellees purchased property at 305 M Street, N.W. In 1971, they moved from the District of Columbia to Huntingdon, Pennsylvania. Appellees maintained an address in the District of Columbia to which tax bills for the subject property were sent. Some time in 1972, appellees notified the Department of Finance and Revenue by telephone to send the tax bills to their business address—501—5th Street, Huntingdon, Pennsylvania 16652.

The District of Columbia [1] claimed that in September 1973, the Department of Finance and Revenue mailed a tax bill to appellees for the first half of 1974, and in February 1974 for the second half. Appellees deny receiving any tax bills for 1974. The total amount due for that year was $390.71.

In the fall of 1974, the District mailed appellees a property tax bill for 1975. This bill indicated that the total tax bill due for 1975 was $345.58, and also contained a notice that prior real estate taxes were unpaid. The bill was addressed to "501—5th Street, Huntington, Pa. 16652." Although Huntingdon was misspelled, the address was correct in any other respects. Appellees apparently received this bill as they paid the total amount due in January 1975.

The District of Columbia claimed that on October 29, 1974, a notice of tax sale for

1. The District of Columbia was named as a defendant in the original complaint but did not appeal from the judgment below.

delinquent taxes was mailed to appellees informing them that the 1974 taxes were overdue and that the property would be sold in January 1975 if the taxes were not paid. This notice was mailed to the same Pennsylvania address and contained the same misspelling. Appellees deny ever receiving this notice of the tax sale. After duly advertising the tax sale, the District of Columbia sold the property to appellants on January 24, 1975 for $390.71 (the exact amount of the delinquent 1974 taxes).

On May 31, 1975, appellees received a second tax bill for 1975 in the amount of $359.06. They promptly paid this bill thereby duplicating tax payments for the year 1975. On August 18, 1975, the District of Columbia mailed appellees notice of the overpayment of $359.06.

In the fall of 1975, the District of Columbia sent appellees a tax bill for the first half of 1976 in the amount of $173.15. This bill was received and paid on October 9, 1975. A bill for the second half of 1976, also in the amount of $173.15, was received and paid on March 19, 1976. Both bills were addressed to the same address with the same spelling error. The first bill, which also indicated the full amount due for the entire year, did not contain a notice that prior taxes were overdue. The second bill indicated that prior taxes were unpaid, but did not contain notice of the total taxes due on the property for 1976.

The District of Columbia claimed that on December 1, 1976, it mailed to appellees a notice that the redemption period for the January 1975 tax sale would expire on January 24, 1977, and that the total amount necessary to redeem the property was $484.43. This notice was sent by certified mail and appellee Leon E. Hopkins' name was signed to the return receipt dated December 6, 1976. Appellees contend that the signature on this receipt was not that of Mr. Hopkins. They further state that they did not know of the tax delinquincy or the tax sale until after the tax deed was issued to appellants on May 19, 1977.

**2.** The District did inform appellees of the overpayment but did not return the amount over-

## II

D.C.Code 1981, § 47–1306, gives the owner of property sold at a tax sale a right of redemption:

> The owner of any property sold as aforesaid, or any other person having an interest therein at the time of redemption, may redeem the same from such sale at any time within 2 years after the last day of sale by paying to the Collector of Taxes, ... the sum mentioned in the certificate of sale thereon, exclusive of surplus with interest therein at the rate of 12 per centum per annum after the date of such certificate of sale.

Since the tax sale was held January 24, 1975, appellees had until January 24, 1977 to pay the $484.43 redemption price. It is undisputed that in 1975 appellees paid a total of $704.64 to the District—well over the amount necessary to redeem the property. Instead of applying this amount towards the redemption of the property, however, the District applied the full amount to the 1975 tax bill—despite the fact that $359.06 of the total was an overpayment of the 1975 taxes.[2]

The statute is clear that an owner may redeem his property by paying the proper amount within two years. Appellees paid more than was necessary to redeem the property within the appropriate time, and continued to pay taxes on the property in the following year. It is unthinkable that appellees should suffer a forfeiture because the District did not apply the payments towards the redemption of the property, especially since appellees continued to pay taxes on the property after the sale was held.

Appellants contend that the District has no duty to apply current taxes towards payment of arrearages. If this interpretation of the statute were adopted, however, a property owner who paid his annual property taxes in 1980 and 1981 might lose his property if he left a $10 arrearage on his

paid.

1979 tax bill. This result would not only be unfair but would not comport with generally accepted first-in first-out accounting practices.

Since appellees did in fact redeem their property within the statutory time period, we affirm the judgment of the court below. We have considered appellants' other arguments and find it unnecessary to reach them in light of our disposition of the case.[3]

*Affirmed.*

3. Appellants contend that summary judgment was improper in light of the following disputed issues of fact:
1. Whether appellees received the 1974 tax bills.
2. Whether the error in appellees' mailing address was the fault of the District of Columbia.
3. Whether appellees received notice of the tax sale.
4. Whether appellees received notice of the expiration of the redemption period.
5. Whether all the tax bills contained a notice of past arrearages.
6. Whether appellees properly redeemed the property.

Even if the above issues were in dispute, appellees' timely redemption of the property would entitle them to summary judgment as a matter of law.